**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wenceslao TREVINO, Jr., Defendant-
Appellant.**

**No. 73–2634**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1973.

As Modified on Denial of Rehearing
Feb. 11, 1974.

J. G. Hornberger, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houstou, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Appellant is incarcerated under a guilty plea. The district court did not err in refusing to grant a new trial on the ground of newly discovered evidence or in denying a motion for reduction of sentence.

■■ This latter motion was based on the contention that the court considered incorrect hearsay reports in sentencing appellant. This contention rests on a statement made by the district court at the time sentence was imposed. However, appellant's motion for reduction of sentence does not appear to be based on claims of either illegality or gross abuse of discretion, which are the only grounds on which this court can review the sentence. See Taylor v. United States, 5 Cir., 1972, 456 F.2d 1101. Further, even if by extremely generous construction we were to treat appellant's motion as one to correct an illegal sentence,[1] it is insufficient to come

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al, 5 Cir., 1970, 431 F.2d 409.

1. Without deciding the issue, we also note that since appellant's sentence did not exceed the statutory maximum, it possibly is

within the cases upon which his brief relies. Unlike Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, there is no showing of reliance on information acknowledged to be materially untrue; unlike United States v. Weston, 9 Cir., 1971, 448 F.2d 626, appellant has not directly and specifically denied the truth of hearsay information (rather, we have only his attorney's statements that appellant denies previous heroin activities and that appellant does not have a criminal record; it is unclear whether the attorney is claiming no previous arrests or no previous convictions); and unlike United States v. Espinoza, 5 Cir., 1973, 481 F.2d 553, appellant has not requested an opportunity to rebut the information relied upon by the trial judge.

The district court judgment therefore is

Affirmed.

---

Francis G. Weller, New Orleans, La. (Court-appointed), for petitioners-appellants.

not in any case "illegal" within the terms of Rule 35. See United States v. Morgan, 1954, 346 U.S. 502, 505–506, 74 S.Ct. 247, 98 L.Ed. 248, 253.

