**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert YATES, Defendant-Appellant.**

No. 76–3986
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 6, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Norman D. Zimmerman, Pompano Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., Richard L. Thornburgh, Asst. Atty. Gen., George W. Calhoun, Patrick J. Glynn, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

GEE, Circuit Judge:

Convicted on the strength of his plea of guilty to distributing marijuana, one count of a four-count indictment, Robert Yates was found to be a youth offender and sentenced under the Youth Corrections Act, 18 U.S.C.A. § 5010(b) (Supp.1977). Shortly after his commitment, on August 27, 1976, he was given an initial parole hearing; parole was denied and his case was continued until a review hearing scheduled for February of 1978. His timely motion for reduction of sentence under Rule 35, Fed.R.Crim.P., was denied by the District Court, and he appealed. We affirm.

Essentially Yates argues that the use of the Parole Commission's "Guidelines for Decision-Making" in determining a youth offender's eligibility for parole violates the Youth Corrections Act. A youth offender sentenced under § 5010(b) is eligible for conditional release at any time, with no minimum sentence required, and conditional release must be granted no more than four years after conviction. 18 U.S.C.A. § 5017(c) (1969). The Parole Commission's Guidelines for Youth Offenders,[1] set out at 28 C.F.R. § 2.20 (1976), show "customary total time served before release" when the severity of the offense committed by the inmate is cross-matched with his "parole prognosis (salient factor score)," a number computed by considering certain characteristics of the inmate himself. Yates' complaint is directed toward the importance of the severity of the offense in determining the customary time to be served. The six severity gradations range from "low" to "greatest," with suggested time to release[2] increasing with the severity of the offense. Yates asserts that the purpose of Youth Corrections Act sentencing is rehabilitative rather than retributive, that length of confinement should be tailored to the offender rather than the offense, and that the consideration of offense severity as a review criterion contravenes these aims.

Our ruling is dictated by the limited nature of our review of the sentencing court's denial of the Rule 35 motion by which Yates chose to seek relief. A motion

---

1. Apparently adapted from the Guidelines initially published for adult prisoners, by shrinking the recommended terms to be served so that the longest falls within § 5017(c)'s four-year maximum.

2. The ranges of time to be served under the Guidelines are denominated "customary total time served before release." Apparently the inmate's prison performance is the chief factor considered in determining whether this suggested term should be decreased or increased. Indeed, apparently the *only* time when conduct in the institution may be considered is in deciding whether to depart from the Guidelines and grant early release or delayed release, since such conduct does not figure into any of the Guidelines criteria.

No hearing was held below, and thus no evidence exists in the record to indicate how often release decisions deviate from the Guidelines. In a case involving a challenge to the use of Guidelines in adult offender parole review, a district court heard testimony that 92–94% of all parole decisions follow the Guidelines. *Grasso v. Norton*, 376 F.Supp. 116, 119 (D.Conn.1974), aff'd, 520 F.2d 27 (2d Cir. 1975).

**504**

for reduction of sentence is directed to the sound discretion of the district court, and we may review the denial (and, thus, the sentence) only for illegality or gross abuse of discretion. *United States v. Trevino*, 490 F.2d 95 (5th Cir. 1973) (per curiam); *United States v. Weiner*, 418 F.2d 849, 851 (5th Cir. 1969). This sentence as imposed clearly was not illegal, and the district court did not abuse its discretion in denying reduction, even after the Parole Commission's review procedure was made manifest. We are aware of at least one reported instance in which a Court of Appeals reversed a district court's denial of a Rule 35 motion and remanded for consideration of the effect of Guidelines review on the previously-imposed sentence. *United States v. Slutsky*, 514 F.2d 1222 (2d Cir. 1975).[3] In *Slutsky*, however, the Guidelines had only recently been published, were not generally known, and were not cited in the motion which the sentencing court denied. Under such circumstances, a remand for reconsideration in light of the Guidelines was a proper result, given the probability found by the Second Circuit that the prisoner "[would] not receive the parole treatment *envisioned by the sentencing judge . . . .*" 514 F.2d at 1229. (Emphasis added.) In the case *sub judice* the papers presented to the district court squarely raised the Guidelines question, and the subsequent denial must be taken as refuting any speculation that the court's sentencing considerations were frustrated by unenvisioned parole treatment.

Whatever our inclinations might be if we sat as a district court re-evaluating appellant's sentence, our perspective as a reviewing court is the narrower one of testing the denial of appellant's motion for some abuse

of discretion. We find none, and the judgment is therefore

AFFIRMED.

---

**3.** *Slutsky*, like *Grasso, supra* note 2, involved an adult offender sentenced under a now-repealed statute analogous to § 5010(b), allowing the court to set a maximum sentence with the prisoner eligible for parole at any time. *See also United States v. Wigoda*, 417 F.Supp. 276 (N.D.Ill.1976), and *United States v. Mandelville*, 396 F.Supp. 1244 (D.Conn.1975), in which the district courts on Rule 35 motions reduced the prisoners' sentences because application of the

Guidelines resulted in postponement of meaningful parole consideration, and *United States v. Duggan*, No. 74–80289 (E.D.Mich.1976), an unreported decision involving similar relief given to a youth offender like Yates.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.