**UNITED STATES of America**

v.

**Mitchell UNTERMAN, Defendant.**

**No. 76 Cr. 201.**

United States District Court,
S. D. New York.

June 27, 1977.

Robert E. Fiske, Jr., U.S. Atty., Richard D. Weinberg, Asst. U.S. Atty., New York City, of counsel, for the Government.

Jack Lipson, Legal Aid Society, New York City, for defendant.

IRVING BEN COOPER, District Judge.

Defendant has timely moved to reduce sentence pursuant to Rule 35, Federal Rules Criminal Procedure. For the reasons set forth below, the application is granted and defendant is resentenced accordingly.

Unterman pled guilty to five counts of possessing stolen United States Treasury checks and one count of uttering same.[1] On August 18, 1976 we sentenced defendant to three years on each of counts one through five, to run concurrently, and five years on count ten; execution of the sentence on count ten was suspended and defendant placed on probation for five years, to commence upon the expiration of the committed sentence.

At the time of sentencing, defense counsel moved orally for reduction of sentence pursuant to Rule 35, Fed.R.Crim.P. We reserved decision and now undertake to resolve the pending application.

After sentence was imposed, defendant volunteered his cooperation to the United States Attorney's Office in this District. Specifically, he agreed to provide the Government with any information he had relating to additional criminal activity on his part and that of others. He further agreed to approach people with whom he had previously transacted illegal business relating to the sale of stolen food stamps, and record conversations with them.

The Government has reported that Mr. Unterman met with agents of the Department of Agriculture and provided them with "helpful information about individuals and businesses who engage in illegally selling and distributing stolen food stamps and the cards needed by low income families to pruchase [sic] food stamps." [letter to the

---

1. We had occasion to deal with this defendant: our opinion at 422 F.Supp. 228 (S.D.N.Y.1976).

Court from AUSA Weinberg dated February 28, 1977, p. 1.] While the Government until now was unable to verify[2] the information Mr. Unterman has provided, the prosecutor assessed his cooperation:

> We have no reason to believe that he has not been candid and truthful. The information he has provided the Government will be used by the Department of Agriculture in its continuing criminal investigation into abuses in the food stamp program. Mr. Unterman has agreed to testify . . . if his testimony is ever needed. [id.]

Our determination to grant defendant's application and reduce his sentence is based upon two positive factors. First, we believe that defendant has made a genuine effort to cooperate with the Government, the success flowing therefrom may not be determined for months and is totally outside his control. Notwithstanding this, we believe credit should be given for the sincerity of defendant's attempts at cooperation.

Second, defendant has been incarcerated for approximately 15 months, most of which time has been spent in metropolitan detention centers in New York and Chicago, where there are limited rehabilitation programs and other advantageous facilities. Incarceration in these institutions was necessary to facilitate defendant's cooperation with the prosecutors and agents of the Department of Agriculture; further, we now regard incarceration for 15 months sufficient under the circumstances disclosed.

We modify defendant's sentence so that he will be able to leave the detention facility and reside at a Community Treatment Center where programs are available for psychiatric counseling to ease his transition into society. At oral argument on this application, defense counsel highlighted the need therefor:

> it would give him this sort of period of transition where he could get on his feet again, where he wouldn't be thrust into the situation where he has to pay his own

rent while he doesn't have a job because he would be residing in a facility where those needs would be taken care of. It would assist him with what I think are his obvious psychiatric problems in terms of adjusting to his environment . . . it would protect society . . . Mr. Unterman would appreciate the fact that were he to deviate from the course . . and fail to follow the directions of the Probation Department, Your Honor . . . would be retaining the power to return him to a penal institution for a period of incarceration . . . as long as five years . . .. [*USA v. Unterman*, minutes of March 31, 1977, pp. 8–9.]

Accordingly, defendant is resentenced as follows: 15 months on counts 1–5, to run concurrently, credit for time served; 5 years on count 10, execution thereof suspended and defendant placed on probation for 5 years. Special condition of probation: that defendant reside for six months at a Community Treatment Center during which time he is to enroll in a program of psychiatric counseling (see 18 U.S.C. § 3651), and that defendant make himself available and continue full cooperation with the Government's authorized representatives.

SO ORDERED.

---

**2.** AUSA Weinberg wrote the Court on May 18, 1977: "The purpose of this letter is to inform the Court that it would be extraordinarily difficult to verify the accuracy of Mr. Unterman's information."