Fredrick Cameron COOK, Petitioner,

v.

Gilbert L. INGRAM, Warden, Miami Federal Correctional Institution, Respondent.

No. 77–1918–Civ–SMA.

United States District Court, S. D. Florida.

Aug. 29, 1977.

Ed Leinster, Orlando, Fla., for petitioner.

Michael P. Sullivan, Miami, Fla., for respondent.

## ORDER ON PETITION FOR REHEARING

ARONOVITZ, District Judge.

Fredrick Cameron Cook filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241–43, alleging that the United States Parole Commission has improperly denied him parole by relying on its Guidelines for youth cases, which are allegedly not in keeping with the purpose of the Federal Youth Corrections Act pursuant to which Cook was sentenced. The respondent is the Warden of the Federal Correctional Institution at Miami, Florida. The govern-

ment filed a memorandum in response to an order to show cause entered herein, and the Court thereafter, on August 4, 1977, entered an Order dismissing this petition for failure of Cook to exhaust his administrative remedies.

On August 8, 1977, Cook's counsel wrote a letter to the Court in which he enclosed a copy of a decision of the National Appeals Board affirming the denial of parole to Cook. Prior to August 8, 1977, this Court was not apprised by Cook that he had filed a National Appeal. Nevertheless, in the interest of justice the letter submitted by Cook's counsel has been treated as a petition for rehearing, and the cause has been reinstated on the docket of the Court.

A careful review of this petition and the memorandum filed in support thereof indicates that Cook presents one issue for decision:

Whether he has been denied due process by the application to his case of Parole Commission Guidelines established for persons sentenced under the Federal Youth Corrections Act, in that the Guidelines unduly stress the severity of the offense rather than subsequent rehabilitation of the youth offender.

Cook has raised no factual issues in his petition, and an evidentiary hearing is therefore unnecessary. His challenge is to the validity of the Guidelines as a matter of law, and he has agreed to allow the case to be resolved upon the basis of documentary exhibits attached to the pleadings.

The earliest reported decision on this issue held the Parole Commission Guidelines in Youth Act cases invalid *per se*. *United States ex rel. Mayet v. Sigler*, 403 F.Supp. 1243 (M.D.Pa.1975). Another District Court decision held that the Guidelines themselves are not invalid, but that the Commission would be required to report the reasons for its determination that a decision outside the Guidelines was not warranted. *Snyder v. United States Board of Parole*, 383 F.Supp. 1153 (D.Colo.1974).

A third District Court rejected the reasoning of *Snyder, supra,* and held that a

brief statement such as that furnished to Cook adequately advises a parole applicant of the basis for the Commission's action. *Barr v. United States*, 415 F.Supp. 990 (W.D.Okl.1976). The Tenth Circuit has held that the Parole Commission Guidelines are not inconsistent with the purpose of the Youth Corrections Act, and that written reasons virtually identical to those furnished to Cook in this case are sufficient to satisfy due process. *Fronczak v. Warden, El Reno Reformatory*, 553 F.2d 1219 (10 Cir. 1977).

Two weeks after the *Fronczak* Tenth Circuit decision, Chief Judge George C. Young of the Middle District of Florida, sitting by designation as a Judge of this Court, held that the mechanical application of Parole Commission Guidelines to a person sentenced under the Federal Youth Corrections Act is an abdication of the duty imposed upon the Commission by the Youth Act, to give individual attention to those persons sentenced under the Act. *Page v. United States*, 428 F.Supp. 1007 (S.D.Fla. 1977). The Fifth Circuit has never considered the issue raised in this petition, although only a unique procedural posture prevented it from doing so quite recently. *United States v. Yates*, 553 F.2d 502 (5 Cir. 1977). In the absence of Fifth Circuit law on the issue, this Court adopts the extremely well reasoned view of Chief Judge Young, as expressed in the *Page* decision, *supra*.

The statement of "reasons for continuance" furnished to Cook contains the same general information as that provided in the *Page* case, and concludes with the same familiar refrain:

> After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

For the reasons so succinctly expressed by Judge Young in *Page*, this Court finds this perfunctory statement insufficient. Although the Parole Commission may use its guidelines as a tool, it may not apply them automatically, in every case.

The appropriate remedy in a case such as this was fashioned first in the *Snyder* case, *supra*, and adopted in *Page*. The Commission should consider Cook as having made written application for parole, and its hearing officers should consider his application and set forth reasons for their decision thereon. 28 U.S.C. § 1361. Although this Court expresses no opinion upon the question of when, or if at all, Cook should be paroled, it does require that the reasons given by the Parole Commission for its decision "must be more than mere conclusions and must relate to the adjustment and rehabilitative effort made by petitioner . . . within the institutions where he has been confined." *Page v. United States, supra* at 1009. Thereupon, it is

ORDERED AND ADJUDGED as follows:

1. The Order Dismissing Petition filed herein August 4, 1977, is vacated.

2. This petition for writ of habeas corpus is granted to the extent that within sixty (60) days from this date the United States Parole Commission shall reconsider the application of Fredrick Cameron Cook for parole, and, in the event his release on parole is denied, shall provide a written decision containing full, relevant, and individualized reasons for such denial.