UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Farish CUMBIE,

and

Willard Cumbie, Defendants-Appellants.

No. 77–5461

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 8, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas M. Haas, Neil L. Hanley, Mobile, Ala., for defendants-appellants.

W. A. Kimbrough, Jr., U. S. Atty., William R. Favre, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellants Willard and Edward Cumbie, pursuant to a plea bargain, pled guilty to unlawful distribution and possession of marijuana, with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). In addition, Edward Cumbie pled guilty to carrying a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). Willard Cumbie was sentenced to four years imprisonment, plus a special parole term of three years. Edward Cumbie was sen-

tenced to three years imprisonment for the marijuana offense, plus four years for the firearm offense, to be served concurrently; and three year special parole term.

On appeal, they raise as error the lower court's failure to inform them of the maximum penalties for violations of § 841(a)(1), of its consideration of the facts underlying the dropped charges in sentencing, and of its *in camera* consideration of police testimony after the appellants had moved for a reduction of their sentences. For the reasons stated below, we affirm.

The appellants pled guilty and were sentenced on January 13, 1977. They moved for reconsideration of their sentences on three occasions; these motions were denied on February 8, March 21, and March 24, 1977. They then moved for a hearing in open court for reconsideration of their sentences. These motions were denied on April 15, 1977. On April 22, they filed their notices of appeal.

Not only were their notices of appeal untimely as to the convictions, Federal Rules of Appellate Procedure 4(b), but they also failed to specify the validity of the convictions as an issue on appeal. *Id.,* Rule 3(c). Since these provisions were not complied with, we cannot consider the lower court's alleged failure to comply with Federal Rule of Criminal Procedure 11(c)(1), or facts allegedly relied upon by the lower court in sentencing. The appeals as to these points are accordingly dismissed.

We can, however, address the lower court's procedures in considering the final motions, which we liberally construe to be motions for a reduction in sentences. Federal Rule of Criminal Procedure 35. Such motions constitute pleas for leniency, and presuppose valid convictions. Wright, *Federal Practice and Procedure (Criminal)* § 586. They are addressed to the lower court's discretion. As long as the sentences are within the statutory limits, and are not so arbitrary and capricious as to amount to a gross abuse of discretion, the lower court's ruling on Rule 35 motions will not be disturbed. *Taylor v. United States,* 5

Cir. 1972, 456 F.2d 1101, 1103; *United States v. Trevino,* 5 Cir. 1973, 490 F.2d 95.

 The prison sentences imposed are well within the statutory maximums of 15 years for violation of 21 U.S.C. § 841(a)(1) and 10 years for violation of 18 U.S.C. § 924(c). We find no abuse of discretion.

AFFIRMED.