**UNITED STATES of America, Plaintiff,**

v.

**Michael SINKFIELD, Defendant.**

**Crim. A. No. CR79–223A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 19, 1980.

William R. Toliver, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

John Turner, Jr., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This case is before the Court on convicted defendant Michael Sinkfield's motion for a reduction of sentence pursuant to Fed.R.Crim.P. 35. "Although Rule 35 does not require the sentencing judge to justify a proper order reducing a sentence, district judges occasionally do so." *Annotation, Reduction of Sentences Imposed by Federal District Court under Rule 35 of Federal Rules of Criminal Procedure*, 32 A.L.R.Fed. 914, 934 (1977). Because this motion presents a question on which there appears to be no reported case law, this Court wishes to set forth its intentions in originally sentencing defendant and in reducing his sentence now. The question presented by the motion is whether under Fed.R.Crim.P. 35, a sentencing judge may reduce a sentence under the Youth Corrections Act from 18 U.S.C. § 5010(b) to 18 U.S.C. § 5010(a). This Court finds that such a reduction is consistent with the purposes of Rule 35 and of the Youth Corrections Act and accordingly, the answer to the legal question presented is in the affirmative.

The defendant was convicted upon his plea of guilty to the offense of robbery of a United States Post Office, in violation of 18 U.S.C. § 2114. On November 8, 1979 defendant Michael Sinkfield was sentenced as a Young Adult Offender, 18 U.S.C. § 4216, who would benefit from the provisions of the Youth Corrections Act. This court, in lieu of other penalties provided by law,

sentenced defendant Sinkfield under 18 U.S.C. § 5010(b) to the custody of the Attorney General for treatment and supervision until discharged by the United States Parole Commission as provided by 18 U.S.C. § 5017. At the time of sentencing, the Court recommended that "the Attorney General designate a minimum security institution, either Maxwell Air Force Base or Eglin Air Force Base, as the place of service of the imprisonment of this sentence." It was the Court's intention at that time to imprison defendant due to the severity of the crime, especially defendant's use of a loaded gun during the robbery. On the other hand, the Court was aware of defendant's fairly clean prior record, his good marriage and his wife and two children's need for him, and the substantial possibility of rehabilitation for defendant. It was the Court's desire therefore to have the defendant serve a fairly brief period of time in a minimum security prison, as near as possible to his family, under the supervision of the Parole Commission.

Unfortunately, this Court's recommendation could not be followed. Bureau of Prison guidelines required that defendant Sinkfield be incarcerated in the medium security Federal Correctional Institution in Miami, Florida. Moreover, the Parole Commission's original minimum guidelines for time of incarceration for Mr. Sinkfield were 24–26 months. At a recent hearing, a tentative parole date of May, 1981 was set for this prisoner by the Parole Board.

In a letter to the Court, Mr. Sinkfield requested that his sentence be reduced under Fed.R.Crim.P. 35, Correction or Reduction of Sentence. That rule provides that the "court may reduce a sentence within 120 days after the sentence is imposed, . . . ." The defendant claimed that his incarceration in Florida was causing great hardship for his wife and two young children, who were forced to live in a house with twenty other people. The Court has carefully considered the entire proceedings and the expanded record, and has heard from the United States Attorney, defense counsel, defendant's probation officer, defendant's wife, and Mr. Bill Roberts, who is

an Administrative Systems Manager with the Federal Correctional Institution in Miami. Neither the United States nor the defendant's probation officer objects to a reduction of Sinkfield's sentence as ordered below.

■ Motions for reduction of sentence under Fed.R.Crim.P. 35 are "pleas for leniency, and presuppose valid convictions. Wright, *Federal Practice and Procedure (Criminal)* § 586. They are addressed to the lower court's discretion." *United States v. Cumbie*, 569 F.2d 273, 274 (5th Cir. 1978).

■ A recent annotation collected cases in which district courts exercised their discretion to reduce sentences under Fed.R. Crim.P. 35. Annotation, *supra*, at 934–36. Among the circumstances held to justify sentence reduction under Rule 35 were the following: hardship on a defendant's wife and children resulting from defendant's absence, *Irizzary v. United States*, 58 F.R.D. 65, 67 (D.Mass.1973); parole board's assessment of crime as 'very high,' resulting in a period of imprisonment longer than the sentencing judge expected, *United States v. Manderville*, 396 F.Supp. 1244, 1249 (D.Conn.1975); government's failure to oppose motion, coupled with the fact that the reduction would give effect to the court's intention at the time of sentencing, *United States v. Sockel*, 368 F.Supp. 97, 98 (W.D. Mo.1973); defendant's cooperation with government, coupled with fact that court deemed the period of incarceration served to be "sufficient under the circumstances disclosed," *United States v. Unterman*, 433 F.Supp. 647, 648 (S.D.N.Y.1977). These circumstances all apply, to some extent, in the case of Mr. Sinkfield. This Court chooses to exercise its discretion to reduce Mr. Sinkfield's sentence under Rule 35.

There appear to be no reported cases in which a sentence under 18 U.S.C. § 5010(b) has been reduced to a sentence under § 5010(a), pursuant to a Fed.R.Crim.P. 35 motion. Under § 5010(b) a defendant is sentenced "to the custody of the Attorney General for treatment and supervision pursuant to this chapter," i. e., to a period of

incarceration determined under Parole Commission guidelines, until discharge of the youth offender under § 5017(c). § 5010(a), on the other hand, provides that the sentencing court "may suspend the imposition or execution of sentence and place the youth offender on probation," if the court finds that the youth does not need to be imprisoned.

In *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Supreme Court stated that the Federal Youth Corrections Act was "designed to provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket, to rehabilitate them and restore normal behavior patterns," *id.* at 433, 94 S.Ct. at 3048. Moreover, "[t]he legislative history clearly indicates that the Act was meant to enlarge, not restrict, the sentencing options of federal trial courts in order to permit them to sentence youth offenders for rehabilitation of a special sort." *Id.* at 436, 94 S.Ct. at 3049.

Several district courts have decried a mechanistic and inflexible application of parole board guidelines as inconsistent with the rehabilitative purpose of the Act. *See Page v. United States*, 428 F.Supp. 1007, 1009 (S.D.Fla.1977), and *Cook v. Ingram*, 436 F.Supp. 367 (S.D.Fla.1977).

The Court orders its reduction of Mr. Sinkfield's sentence understanding three things. First, a sentence under § 5010(a) is a reduction from a sentence under § 5010(b) within the meaning of Fed.R.Crim.P. 35. § 5010(b) necessarily provides for a period of incarceration under the custody and supervision of the Attorney General; § 5010(a) explicitly applies to youth offenders who do "not need commitment."

■ Second, the Court understands that the purpose of probation is "to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and *under the continuing power of the court to impose institutional punishment for this original offense in the event that he abuse this opportunity*." *Roberts v.*

*United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943), cited in *United States v. Glasgow*, 389 F.Supp. 217, 222 (D.C.D.C.1975) (emphasis added).

■ Third, the Court understands, in reducing defendant's sentence under the Youth Corrections Act, that upon successful completion of his probationary period, defendant Sinkfield will be entitled to a certificate, pursuant to 18 U.S.C. § 5021, setting aside his conviction.

It is the Court's intention to give this defendant a second chance. His family badly needs him and the income he must provide as soon as he finds a job. Nevertheless, if Mr. Sinkfield violates his probation in any way, it is this Court's intent that he serve the remainder of his period of probation in prison.

Accordingly, for the reasons set forth above, IT IS ORDERED AND ADJUDGED:

(1) that defendant's sentence under the provisions of 18 U.S.C. § 5010(b) be reduced to time already served; and

(2) that the defendant's sentence be further reduced in that imposition of sentence is suspended and defendant Sinkfield placed on probation for a period of three years, pursuant to 18 U.S.C. § 5010(a).

IT IS SO ORDERED, this 19th day of February, 1980.