UNITED STATES of America,
Plaintiff-Appellee,

v.

Owen B. NERREN, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward L. NERREN,
Defendant-Appellant.

Nos. 79–3075, 79–3102
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 13, 1980.

Luke J. Schissel, Greenwood, Miss., Wayne L. Sterling, Director, Industrial Develop. Board of Central La., Alexandria, La., for defendant-appellant.

H. M. Ray, U. S. Atty., Thomas W. Dawson, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee in both cases.

Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee in No. 79–3102.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Edward and Owen Nerren were brothers. Both pleaded guilty to income tax evasion and were each sentenced to three years imprisonment and a $10,000 fine, with all but six months of the prison sentence to be suspended. Since the Nerren brothers were

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

business partners, the trial judge stayed Owen's incarceration until Edward was released from custody. Such a staggered prison term would allow one of the brothers to be present to guide business and family matters at all times. Additionally, the district judge stayed Edward Nerren's reporting date for 90 days to allow planting and harvesting of the 1979 agricultural crop.

On July 10, 1979, the defendants filed a Rule 35 motion for reduction of sentence. The trial judge promptly conducted a hearing on the motion. At the hearing the defendants introduced evidence of their remorse, the business and family reasons for reducing their prison sentence, and the brothers' health problems. After hearing the witnesses' testimony, the district court denied the Nerrens' motion, but granted Edward Nerren an extra 30 days to report.

On August 21, four days before Edward Nerren was to report to prison, the defendants filed a second Rule 35 motion. They sought sentence reduction due to the mental health of Edward Nerren's daughter and community business affairs that required Owen Nerren's presence. The motion was supplemented by various medical reports. The trial court summarily denied this motion. The defendants then instituted this appeal.

 Defendants' first point of error is that the trial court erred in denying their Rule 35 motion. A Rule 35 motion is addressed to the discretion of the trial judge, and we will reverse only for illegality or a gross abuse of discretion. *United States v. Yates*, 553 F.2d 502 (5th Cir. 1977). In the case at bar, the Nerrens were sentenced to six months imprisonment under a statute that provided a maximum term of five years. 26 U.S.C.A. § 7201 (1967). The district judge then tailored the terms of incarceration so that one brother would always be home, able to tend to their business and family needs. Furthermore, the judge stayed Edward Nerren's reporting date until after the planting and harvesting season. While we recognize the family needs and the brothers' health problems, we are unable to say that the trial court abused its discretion.

The Nerrens' second argument is that the trial judge erred in failing to hold a hearing on their second motion for reduction of sentence. Rule 35 motions may be denied summarily when the facts alleged by a defendant do not indicate "an illegal sentence or that the trial court grossly abused its discretion in imposing the sentence." *United States v. Muniz*, 571 F.2d 1344, 1345 (5th Cir. 1978) (per curiam). The allegations in defendants' second Rule 35 motion fail to indicate an illegal sentence or an abuse of discretion.

Neither of the defendants' contentions establish an error by the trial judge. The order of the district court is

AFFIRMED.