COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS,

   Plaintiff,

  vs.

JUAN E. AQUINO,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. 85-136

ORDER, RE: MOTION
TO REDUCE SENTENCE

The defendant, Juan Aquino, through counsel, filed a motion to reduce his sentence. Pursuant to Rule 35(b), Com.R.Crim.Pro., the defendant may move to reduce a sentence within 120 days after the sentence is imposed. In this case, sentence was imposed on Mr. Aquino on June 26, 1986. Defendant's motion was filed on October 7, 1986 which is within the 120 day period. The defendant requested the hearing date of November 6, 1986 which is beyond the 120 day period.

A 1985 amendment to Rule 35(b) provides that the court shall determine the motion within a reasonable time. This has allowed a court to consider and decide a Rule 35(b) after the 120-day period. However, the risk of a defendant not pursuing a Rule 35(b) motion within the 120-day period is evident.

Although a close question, the court determines that in the circumstances of this case (a one month period from filing to a hearing; a hearing two weeks after the expiration of the 120-day period; and the few days for the court to determine the motion) it is within the parameters of "a reasonable time" as set forth in Rule 35(b).

The purpose of Rule 35(b) is essentially a plea for leniency. United States vs. Colvin (1981, CA8) 644 F.2d 703; United States vs. Cumbie (1978, CA5) 569 F.2d 273. As such, the trial court has almost unlimited discretion under Rule 35(b) to reduce a sentence. United States vs. Warren, (1980, CA9) 610 F.2d 680.

Therein lies the basic reason for placing a time limit on the power of the trial court to modify or reduce a sentence. If the trial court retains the power indefinitely or for a time which extends for a period to which the Parole Board has jurisdiction, 6 CMC § 4252, the potential for conflict and/or confusion between the Judicial and Executive Branches for control over the defendant's incarceration is apparent. See, United States vs. Addonizio, supra, 442 U.S. at 190, 99 S.Ct. at 2243.

The defendant has based his motion for reduction of sentence on seven letters from the defendant's family and friends. No testimony was received. It is gleaned from argument and the letters that the grounds for reduction are rehabilitation and hardship. The former is more or less

901

referred to in some letters indicating that the defendant has performed well in incarceration and the latter is based on the asserted fact that defendant's wife must handle two jobs to make financial ends meet and the children of the defendant miss him.

All of this must be considered in light of the fact that the defendant was placed in a work release program by the Department of Public Safety almost immediately after sentencing by the court. The defendant is released during the day to attend to business and family affairs and returns to jail for nightly incarceration. Under such an advantageous arrangement, it is difficult to perceive what hardship the defendant (and his family) experiences that wasn't anticipated and submitted for the court's consideration at sentencing. Indeed, the work release benefits the defendant now enjoys places a much less hardship on him and his family than expected at the time of sentencing. Increased hardship since sentencing is a factor a court can consider for a reduction of sentence. United States vs. Orlando, 206 F.Supp. 419 (D.C. NY, 1962); Irizzary vs. United States, 58 F.R.D. 65 (D.C. Mass, 1973). Such is clearly not the case here.

As to defendant's asserted exemplary conduct while he is incarcerated, this is to be commended but is hardly sufficient "evidence" of rehabilitation and true remorse. Certainly, continued good conduct while in custody will stand the defendant in good stead when he is considered for parole. But

902

the showing made by the defendant at this motion falls way short of providing any ground for the reduction of defendant's sentence. It is also noted that after entering a guilty plea, the defendant moved twice to withdraw his plea. These motions were denied for the reasons stated in the court's order of June 27, 1986. The court has the impression that the defendant is motivated more by utilizing the criminal procedure avenues than by true remorse or rehabilitation.

IT IS CONCLUDED that the defendant, Juan Aquino, has presented no grounds or basis for this court to reduce his sentence.

Motion to reduce sentence is hereby DENIED.

Dated at Saipan, CM, this <u>10th</u> day of November, 1986.

Robert A. Hefner, Chief Judge