850 F.2d 691
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Doyle James WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES Of America, Defendant-Appellee.
 No. 87-4005.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 8, 1988.
Decided: June 21, 1988.
 
 Stephen Jon Cribari, Deputy Federal Defender (Fred Warren Bennett, Federal Public Defender; Susan M. Bauer, Assistant Federal Defender, on brief), for appellant.
 Barbara Slaymaker Sale, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 Doyle James Williams pleaded guilty to interstate transportation of a stolen vehicle in 1967. He was sentenced to thirty months probation under the Federal Youth Corrections Act ("YCA"), 18 U.S.C. Sec. 5010(a) (repealed). In this action, he attacks his guilty plea by alleging ineffective assistance of counsel. The district court denied his petition for a writ of error coram nobis without an evidentiary hearing. We affirm.
 
 I.
 
 2
 Under the YCA, the sentencing court could set aside a conviction by unconditionally discharging the youth offender before the end of the probationary period. 18 U.S.C. Sec. 5021(b) provided:
 
 
 3
 Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.
 
 
 4
 Williams alleges that his retained counsel, Konrad Fish, advised him that his conviction would be expunged automatically upon the completion of his probation. Fish does not recall the matter. At the time of sentencing, however, the court also advised Williams of the operation of the YCA, making it clear that the conviction would not be automatically set aside.[1] The court sentenced Williams to thirty months probation, and the period passed without incident. His conviction, however, was never set aside.
 
 
 5
 Years later, Williams was convicted and sentenced to die in Missouri for the 1980 murder of Kenny Brummett, a potential witness against him in a criminal proceeding. The 1967 conviction and eleven other convictions, as well as the circumstances surrounding the murder were before the jury when it imposed the death penalty.[2]
 
 
 6
 Williams brought this action for a writ of error coram nobis after being sentenced in Missouri. He argues that attorney Fish's advice was deficient, and that but for that advice, he would not have pleaded guilty. The district court denied his petition under the ineffective assistance standard of Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985). The court observed that Fish's advice "was probably not outside the range of competency found in a criminal case", and even assuming that it was, found that Williams did not show that the misadvice prejudiced his defense.
 
 II.
 
 7
 To be valid, a guilty plea must be "a voluntary and intelligent choice among the alternative choices of action open to the defendant." Hill, 474 U.S. at 56 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). The Supreme Court has established a two part standard for testing the voluntariness of guilty pleas attacked with claims of ineffective assistance of counsel. Id. at 57-58; see Strickland, 466 U.S. at 687. To make out a claim for ineffective assistance, Williams must establish (1) that Fish's "representation fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 687-88, 694). In other words, he must show that Fish's advice was objectively deficient, and that but for that advice, he would have gone to trial rather than plead guilty.
 
 III.
 
 8
 According to Williams, Fish told him that his guilty plea and conviction would be set aside automatically at the end of his probation. That advice is contrary to the language of the statute which ties expungement to unconditional discharge before the termination of probation, a discretionary event. The Supreme Court, however did not rule that set aside was discretionary until 1983, sixteen years after the guilty plea in question. Tuten v. United States, 460 U.S. 660, 667-68 (1983). Prior to Tuten, at least one court held that set aside was automatic at the normal termination of probation. See United States v. Sinkfield, 484 F.Supp. 595, 598 (N.D.Ga.1980). While Fish's advice was ultimately wrong, it is not clear that it "fell below an objective standard of reasonableness" in 1967. Even if the advice was objectively deficient, Williams is not entitled to relief because he fails to satisfy the prejudice element of the Strickland-Hill test.
 
 
 9
 To satisfy the prejudice component, Williams must establish that but for the misadvice, he would not have pleaded guilty. Twenty years after the fact, he states that but for the prospect of automatic expungement of his conviction, he would have pleaded not guilty and gone to trial. At sentencing, however, the district court made it clear that the guilty plea would be wiped out only with his approval based on Williams' conduct during his probation and the recommendation of his probation officer. Despite anything Fish may have told him, Williams was aware that set aside was discretionary, not automatic. Therefore, he has not shown that but for counsel's advice, he would not have pleaded guilty, and the district court's denial of his petition is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Regarding expungement under the YCA, Judge Watkins told Williams:
 Now, sentencing you or putting you on probation under the Youth Corrections Act has this further effect, that if you not merely keep out of trouble, which is the least that can be expected, but if you continue, as apparently you have been, in working hard, and in helping your family, and can convince your probation officer that you really are doing more than just marking time, then he can, within the period of--short of the thirty months, recommend to me that the probation be terminated, and under a provision which I don't understand how it can be done but which I clearly understand can be done, if that is the case, and I approve, as I almost certainly would, it will wipe out your plea of guilty, and you will have no record against you.
 So that you have a double incentive, first, not to get into trouble. And, second, to clean this thing up so that, as I say, if you do more than merely keep out of trouble, if you show that you are really sincere and doing a good job, the probation officer can recommend termination short of the full period. And, if I approve, then you get a certificate saying that the conviction has been wiped off the record and from that time on you have no convictions.
 Jt.App. at 106-07.
 
 
 [2]
 The jury's verdict fixing the death penalty, however, was based solely upon the circumstances of the murder, that "[t]he murder of Kerry [sic] Brummett was committed by the defendant for the purpose of preventing Kerry [sic] Brummett from testifying in any judicial proceeding." Jt.App. at 65