# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10933
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAVILLE MCKNIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-105-2

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Saville McKnight pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine. Due to the amount of cocaine and McKnight's criminal history, his advisory guideline range would have been 360 months to life, but the statutory maximum sentence was 480 months. *See* 21 U.S.C. § 841(b)(1)(B). At the initial sentencing, the court denied the Government's motion for a downward departure based on McKnight's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance in prosecuting codefendant George Bagley.  The district court sentenced McKnight to 480 months.  The court noted McKnight's extensive criminal history.  It also reasoned that McKnight had already been adequately rewarded for his cooperation against Bagley because the Government did not charge him with the true amount of cocaine involved in the crime, which would have resulted in a maximum sentence of life in prison.  *See* § 841(b)(1)(A).  The Government agreed that McKnight's cooperation was a factor in the decision to charge him under Section 841(b)(1)(B) rather than Section 841(b)(1)(A).  McKnight's direct appeal was voluntarily dismissed.  *United States v. McKnight*, No. 13-10274 (5th Cir. Dec. 27, 2013).

Within a year, the Government moved for a sentence reduction under Federal Rule of Criminal Procedure 35(b) based on McKnight's assistance in the Illinois prosecution of Tremaine Allen.  McKnight also offered information that he had assisted in the arrest or prosecution of Leland Deviner in Illinois, and Juan Carlos Martinez and Dialitza Ortiz in Texas.  The district court declined to conduct a hearing, and it reduced McKnight's 40-year sentence by two years.  McKnight has appealed.

In his first contention, McKnight argues that the district court deprived him of due process of law by refusing to hold an evidentiary hearing on the Rule 35 motion.  McKnight was not entitled to a hearing, so we review the denial of a hearing only for abuse of discretion.  *See United States v. Nerren*, 613 F.2d 572, 573 (5th Cir. 1980); *United States v. Sanders*, 438 F.2d 344, 345 (5th Cir. 1971).  The district court considered more than 1000 pages of documents before concluding that McKnight deserved no more than a 24-month reduction in light of previous rewards for cooperation.  McKnight offers only general assertions that a hearing was required so that he could correct the court's oversights and errors.  He does not show that any additional oral

argument or specific presentation would have made any difference.  McKnight fails to show that refusing to conduct a hearing was an abuse of discretion.  *See Nerren*, 613 F.2d at 573; *Sanders*, 438 F.2d at 345.

Concerning the substance of the district court's ruling, McKnight contends that the court erred by finding that he did not provide substantial assistance in the prosecutions of Deviner, Martinez, or Ortiz.  We have yet to decide in a published decision the limits on our jurisdiction to review a district court's discretionary ruling on a Rule 35(b) motion in light of 18 U.S.C. § 3742(a).  We need not do so now because the district court's factual finding was not clearly erroneous in light of the extensive documentary record concerning the Allen case, and the lack of similar documentation concerning the cases of Diviner, Martinez, and Ortiz.  *See United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010); *United States v. Alexander*, 602 F.3d 639, 641 (5th Cir. 2010).  Neither does the district court's decision amount to "illegality or a gross abuse of discretion."  *Nerren*, 613 F.2d at 573.

In his third claim, McKnight argues that the district court miscalculated the advisory guideline range as being 360 months to life when it was 360 to 480 months.  This issue concerns the initial guideline calculation.  It was not raised on direct appeal, and the time for appealing that issue is past.  *See* FED. R. APP. P. 4(b)(1)(A)(i); *see also* FED. R. CRIM. P. 35(a) (providing that "other clear error" is correctable under Rule 35 within 14 days).  In any event, this contention is meritless because the district court recognized that the correct range was 360 to 480 months, regardless of whether it thought McKnight should have been charged with a more serious crime.

In his final claim, McKnight argues that, by treating the "true" statutory maximum sentence as life, the district court deprived him of his right to a jury's fact finding and effectively usurped the Government's prosecutorial authority

to charge him under Section 841(b)(1)(B).    This claim about the initial sentencing calculation is arguably not cognizable in this appeal.    Regardless, the district court merely noted that the Government could have charged a more serious offense but instead rewarded McKnight by charging a crime with a lower maximum sentence.    Although the court may well have thought the maximum sentence should have been life, the court recognized that it was in fact 480 months.

The judgment is AFFIRMED.