# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40919
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY VILLARREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-175-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roy Villarreal pleaded guilty pursuant to a plea agreement to one count of concealing, harboring, and shielding from detection illegal aliens. In the plea agreement, Villarreal agreed to plead guilty in exchange for the Government's recommendation that he receive a two-level downward departure under U.S.S.G. § 5K3.1 for early disposition and that all remaining counts of the indictment be dismissed. The district court declined to apply the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40919

§ 5K3.1 downward departure, and denied Villarreal's post-judgment Federal Rule of Criminal Procedure 35 motion for correction of sentence.  Villarreal now appeals.

Villarreal first contends that the district court abused its discretion by rejecting the Government's recommendation that he receive the § 5K3.1 downward departure.  However, we have "jurisdiction to review a district court's decision not to depart downward from the guideline[s] range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013) (stating that this "rule applies to departures found in both Chapter 5, Part K of the Guidelines and in the commentary to the Guidelines").  Villarreal has not demonstrated that the district court held such an erroneous belief.  Nothing in the record indicates that the district court did not believe it had the authority to depart; rather, the record indicates that district court recognized that it could depart downward pursuant to § 5K3.1 and listened to the Government's reasons for recommending the departure, but concluded that a downward departure was not appropriate under the facts of the case.  Because we lack jurisdiction to review the district court's denial of the § 5K3.1 downward departure, the appeal is DISMISSED IN PART.

Villarreal's second argument is that the district court abused its discretion when denying his Rule 35 motion.  We will reverse a Rule 35 decision "only for illegality or a gross abuse of discretion." *United States v. Nerren*, 613 F.2d 572, 573 (5th Cir. 1980).  According to Villarreal, the district court failed to comply with the requirement in Federal Rule of Criminal Procedure 11(c)(5) that it give him an opportunity to withdraw his guilty plea after the district

No. 15-40919

court denied the § 5K3.1 downward departure.  However, the record does not support this contention; rather, it is clear from the available portions of the record[1] that the plea agreement, under which the Government agreed only to recommend that the § 5K3.1 downward departure apply, is a Rule 11(c)(1)(B), not a Rule 11(c)(1)(C), agreement.  Unlike a Rule 11(c)(1)(C) agreement, a Rule 11(c)(1)(B) recommendation does not bind the district court and does not require the district court to give the defendant an opportunity to withdraw his guilty plea if the recommendation is rejected.  *See* FED. R. CRIM. P. 11(c)(1)(B), (C), (c)(5).  Accordingly, the district court's denial of Villarreal's Rule 35 motion was not a gross abuse of discretion.  *See Nerren*, 613 F.2d at 573.  The judgment is AFFIRMED IN PART.

---

[1] The rearraignment transcript is not in the record.  It was Villarreal's responsibility to order the rearraignment transcript if he sought to challenge findings or conclusions based on proceedings at that hearing.  FED. R. APP. P. 10(b); *see also Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990); *United States v. Wyss*, 542 F. App'x 401, 408 (5th Cir. 2013).

3