# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROYCE NEWTON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-234-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Royce Newton, federal prisoner # 25725-177, pleaded guilty to being a felon in possession of a firearm. He was sentenced to the statutory maximum sentence of 120 months of imprisonment. Proceeding pro se, Newton challenges the district court's denial of the Government's motion for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35(b)(1). He also moves for appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11670

As Newton acknowledges, he did not file a timely notice of appeal following the district court's October 13, 2016 order denying the Government's Rule 35(b)(1) motion. *See* FED. R. APP. P. 4(b)(1)(A)(i). Newton's pro se motion requesting the district court to reconsider its denial of the Government's Rule 35(b)(1) motion was filed more than 14 days after entry of the district court's October 13, 2016 order. Thus, Newton's pro se motion cannot serve as a motion to reconsider that judgment. *See United States v Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992). Thus, to the extent that Newton appeals the denial of his pro se motion, he "has appealed from the denial of a meaningless, unauthorized motion" that had no jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

Because a timely notice of appeal is not a jurisdictional prerequisite in criminal cases, *see United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007), we can review the underlying order denying the Government's Rule 35(b)(1) motion. However, Newton has failed to show that the district court's decision was illegal "or a gross abuse of discretion." *See United States v. Nerren*, 613 F.2d 572, 573 (5th Cir. 1980). Accordingly, the judgment of the district court is AFFIRMED. Newton's motion for appointment of counsel is DENIED.