**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Bruce CAMPBELL, Defendant-Appellant.**

No. 82–8634
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1983.

appeal without consideration. Fed.R.App.P. 31(c); 11th Cir.R. 16; 11th Cir. Internal Op. P. IV(F)(3)(c), IV(F)(4)(c) & VI(G).

William G. Boyd, Atlanta, Ga., for defendant-appellant.

Julie E. Carnes, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHNSON, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant Robert Bruce Campbell pleaded guilty to a three-count information.[1] The attorneys for the government agreed to make no recommendation on sentencing. Campbell was informed and understood before entering his guilty pleas that the maximum sentence for Count I was five years, a $5,000 fine or both; for Count II, ten years, a $10,000 fine or both; and for Count III, five years, a $25,000 fine or both. The district judge sentenced Campbell to a two-year period of incarceration on Count II, five years' suspended sentence on Count III and five years on probation and a fine in the amount of $10.00 on Count I.

Campbell filed a motion to reduce sentence under Rule 35. The basis of the motion is that Campbell's incarceration had caused extreme hardship—financial, emotional and otherwise—to his wife and children and that the family assets had been depleted. The government did not oppose Campbell's motion to reduce, but the district court denied the motion, noting that Campbell's expected parole date was 18 to 20 months from the time he began serving his sentence and the typical parole release date for similar offenses was 16 to 20 months greater.

A Rule 35 motion is addressed to the trial judge's discretion and its denial is reversible on appeal only when the sentence is illegal or when the trial court's refusal to reduce the sentence constitutes a gross abuse of discretion. *United States v. Nerren,* 613 F.2d 572, 573 (5th Cir.1980).[2] Campbell argues that it was an abuse of discretion for the trial court to deny his Rule 35 motion because it was unopposed by the government. No authority exists to support such a contention. As a matter of fact, in this instance it is reasonable to conclude that the plea agreement the government made would foreclose opposition to a motion to reduce. *United States v. Block,* 660 F.2d 1086, 1089–93 (5th Cir. 1981), *cert. denied,* 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); *United States v. Ewing,* 480 F.2d 1141 (5th Cir.1973).

The district court's denial of Campbell's motion to reduce sentence was not an abuse of discretion.

AFFIRMED.

---

1. Count I: after conviction of a felony, receipt of firearms having been shipped in interstate commerce, 18 U.S.C.A. § 922(h); Count II: possessing several unregistered machine guns, 26 U.S.C.A. § 5861(d); and Count III: offering firearms for air shipment that were not properly packaged, 49 C.F.R. § 171.2 and 49 U.S.C.A. § 1809(b).

2. The Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent, which is binding unless and until such precedent is overruled or modified by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).