**UNITED STATES of America, Appellee,**

v.

**Bruce Taeru KADOTA, Appellant.**

No. 84–1667.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1985.

Decided March 14, 1985.

Rehearing Denied April 17, 1985.

Emil Trott, Jr., Des Moines, Iowa, for appellant.

Christopher Hagen, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

LAY, Chief Judge.

Bruce Kadota appeals the district court's [1] denial of his motion for reduction of sentence under Fed.R.Crim.P. 35(b). Kadota contends the district court based its denial of the motion on Kadota's failure to personally present at trial or sentencing his self-incriminating version of the crime. In

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

doing so, Kadota claims the district court violated his fifth amendment right not to testify against himself. We find no abuse of discretion by the district court in denying Kadota's rule 35 motion, and therefore affirm the judgment below.

In a trial to the court on stipulated facts, Kadota was found guilty of conspiracy to deliver cocaine and two counts of distribution of cocaine. At Kadota's sentencing hearing, the district court had a presentence report before it and questioned Kadota's attorney as to the accuracy of the report. Counsel for Kadota stated that the report was accurate. He also addressed the court regarding Kadota's role in the conspiracy and pleaded for a shorter sentence. Kadota was characterized as a "middle man." Counsel referred to statements in the presentence report that Kadota was a man of modest means, which allegedly rebutted the notion that Kadota was a cocaine dealer on a regular basis. The court offered Kadota the opportunity to speak but Kadota declined, stating that his counsel had covered the matter. The district court acknowledged the evidence of Kadota's role in the conspiracy: "there certainly is some circumstantial evidence that would tend to support [the] view, that Mr. Kadota, while certainly something more than a mule, was perhaps not at the top proprietary level here. He obviously was at a management level, but not a top proprietary level." On December 16, 1983, Kadota was sentenced to three terms of imprisonment for a period of eight years, the terms to run concurrently. Kadota was made eligible for parole after serving one-third of his sentence. Kadota did not appeal his conviction.

In a letter dated March 28, 1984, Kadota cited rule 35 and asked for a reduction or modification of his sentence. The district court treated the letter as a rule 35 motion to reduce sentence. Upon Kadota's motion and the government's resistance thereto, the court denied the rule 35 motion in an April 18, 1984 order, stating:

Defendant Kadota's motion is based on his version of the facts concerning his involvement in the crime. He presents these facts for the first time, having passed up the opportunity to do so during the trial and during the sentencing hearing. He does not present any new evidence that was not available to him at the time of trial and at the time of sentencing.

On appeal, Kadota contends the quoted language indicates that the district court based its decision to deny the motion upon Kadota's failure to present his version of the facts at trial or sentencing. Kadota alleges no error by the district court in sentencing. He alleges only that the court did not properly consider his rule 35 motion.

■■■ We find somewhat disconcerting the district court's suggestion that because Kadota failed to testify at trial or sentencing, he was precluded from seeking a reduction of sentence under rule 35. A reduction of sentence under rule 35 is not conditional on the defendant testifying at trial or sentencing. Whether to grant a rule 35 motion is within the informed discretion of the district court. *United States v. Eddy,* 677 F.2d 656, 657 (8th Cir.1982). "The rule gives the court a second chance, an opportunity to temper its original judgment with mercy, if it thinks such action appropriate for reasons of compassion or other relevant considerations." *Id.* Despite the district court's statement that Kadota "forfeited" his opportunity to present his version of the facts, the court denied the motion on another ground—that Kadota offered no new facts that were not previously considered by the district court and that the sentence was correct. At oral argument, counsel for Kadota conceded that all the facts concerning Kadota's involvement in the crime were before the district court at the time of sentencing. It is thus clear that Kadota does not argue that if another hearing were held, he would present new facts regarding his involvement in the conspiracy. Under these circumstances, we hold that the district court's denial of Kadota's rule 35 motion on this ground was not an abuse of discretion. We also hold that the district court's failure to order an evidentiary hearing on Ka-

dota's motion was not an abuse of discretion. *See United States v. Collins Spencer Catch the Bear,* 727 F.2d 759, 762 (8th Cir.1984); *United States v. Nerren,* 613 F.2d 572, 573 (5th Cir.1980) ("Rule 35 motions may be denied summarily when the facts alleged by a defendant do not indicate 'an illegal sentence or that the trial court grossly abused its discretion in imposing the sentence.' ").

Accordingly, we affirm the judgment of the district court.