780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JAMES WESLEY HEADY, Defendant-Appellant.
 85-5642
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 AFFIRMED
 
 1
 W.D.Ky.
 
 ORDER
 
 2
 BEFORE: MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Seniro Circuit Judge.
 
 
 3
 This federal prisoner, incarcerated at the Federal Correctional Institution in Talladega, Alabama, moves the Court to appoint counsel in his appeal from a district court judgment denying his motion to reduce his sentence filed under Rule 35(b), Federal Rules of Criminal Procedure.
 
 
 4
 The defendant pleaded guilty on April 9, 1984 to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). After reading the defendant's pre-sentence report with the consent of the defendant, district court Judge Johnstone sentenced the defendant to fifteen years imprisonment. Thereafter, the defendant filed a timely Rule 35(b) motion to reduce his sentence and the government filed a response thereto. After considering both the motion and the response, Judge Johnstone summarily denied the motion to reduce sentence.
 
 
 5
 Upon review of the cause in light of the arguments made by the defendant in his lengthy motion for reduction of sentence filed in the district court and of his arguments presented in his informal brief, this Court concludes that the district court did not abuse its broad discretion in denying the defendant's motion to reduce sentence. United States v. Kadota, 757 F.2d 198 (8th Cir. 1985); United States v. Lewis, 743 F.2d 1127 (5th Cir. 1984) (per curiam); United States v. Campbell, 711 F.2d 159 (11th Cir. 1983) (per curiam). Although the district court's failure to provide its reasons does not constitute an abuse of discretion in this case due to the unsubstantial nature of the cause, the district court should in the future provide its reasons to support its rulings. See United States v. Edwards, 711 F.2d 633 (5th Cir. 1983); United States v. Counts, 691 F.2d 348 (7th Cir. 1982) (per curiam). cf. Patton v. Aerojet Ordinance Co., 765 F.2d 604, 612 (6th Cir. 1985); Bellamy v. Bradley, 729 F.2d 416, 418 (6th Cir. 1984); Foulks v. Ohio Dept. of Rehab. and Corrections, 713 F.2d 1229, 1233 (6th Cir. 1983).
 
 
 6
 Unlike the case upon which the defendant relies for his insanity plea in his informal brief, Leach v. United States, 334 F.2d 954 (D.C. Cir. 1964), the defendant in this case does not have a severe and chronic history of mental illness nor has he been diagnosed as psychopathic, as was the case in Leach. Despite the arguably extenuating circumstances as explained in detail in the defendant's motion to reduce sentence, it is clear that the defendant has received a fair and reasonable sentence under the circumstances of this case. The evidence does support the finding that the defendant used the threatening note to demand money from a bank teller upon threat of injury or loss of life; and, the defendant freely admits to committing the crime. He could hardly state otherwise as a packet of money apparently exploded and spilled red dye upon his person within a minute after he left the bank; and, civilians gave chase and held him captive until the police arrived. The defendant also plainly stated in his motion to reduce sentence that he has never been admitted to a mental hospital or been diagnosed as having a mental problem. The defendant also seems to be unaware that he did receive a somewhat lenient sentence of fifteen years given the average sentence of twenty years for armed and unarmed bank robbery in the Western District of Kentucky.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The defendant's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.