829 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Love TAYLOR, Jr., Defendant-Appellant.
 No. 86-2037
 United States Court of Appeals, Sixth Circuit.
 September 24, 1987.
 
 ORDER
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Defendant filed a Rule 35, Federal Rules of Criminal Procedure, motion for reduction of sentence in the district court alleging inaccuracies in his presentence investigation report, ineffective assistance of counsel, inadequate medical care in prison, and family difficulties. The district court denied the motion and defendant appeals.
 
 
 3
 Whether to grant a motion for reduction of sentence is within the sound discretion of the district court. United States v. Kadota, 757 F.2d 198, 199 (8th Cir.) cert. denied, 106 S.Ct. 120 (1985). The district court's decision will not be overturned absent an illegal sentence or a gross abuse of discretion. United States v. Lewis, 443 F.2d 1127 (5th Cir. 1984) (per curiam); United States v. Campbell, 711 F.2d 159, 160 (11th Cir. 1983) (per curiam).
 
 
 4
 The district court fully complied with Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, at sentencing and did not rely upon presentence report allegations which defendant disputed at sentencing. Notably, defendant was sentenced to three years imprisonment although he could have been sentenced to five years by statute and under his plea bargain agreement. Further, defendant failed to specify in his Rule 35 motion what additional information he now contends was erroneously stated in the presentence report. Under these circumstances, the district court did not abuse its discretion in denying defendant's motion. Cf. United States v. Hoye, 548 F.2d 1271 (6th Cir. 1977) (per curiam).
 
 
 5
 Defendant's remaining claims do not bear upon the legality of his sentencing, and were properly disposed of by the district court. A claim of ineffective assistance of counsel must be raised under 28 U.S.C. Sec. 2255. United States v. Willis, 804 F.2d 961 (6th Cir. 1986). Clearly, the district court did not abuse its discretion in refusing to reduce defendant's sentence based upon his remaining claims.
 
 
 6
 Therefore, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.