**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willard Richard WEAVER,
Defendant–Appellant.**

**No. 88–7593
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 1989.

**550**

Before RONEY, Chief Judge, and VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Willard Richard Weaver appeals the district court's denial of his Fed. R.Crim.P. 35(b) motion for reduction or modification of his sentence in connection with his convictions for perjury and bankruptcy fraud. We affirm.

To an August 26, 1987 indictment, Weaver pled guilty to one count of perjury, and the Government dismissed the remaining thirteen counts. Weaver also pled guilty to bankruptcy fraud in a case transferred from the Middle District of Tennessee pursuant to Fed.R.Crim.P. 20(a). The district court sentenced Weaver to two concurrent five-year terms of imprisonment.

Weaver filed a Fed.R.Crim.P. 35(b) motion to reduce or modify Weaver's sentence on the ground that he has been scheduled to serve approximately thirty-eight months of his five-year sentence prior to parole, rather than the ten to twelve months that he had anticipated based upon his presentencing report and in consideration of his family circumstances and his cooperation with the Government.

■ Contrary to the Government's argument, Weaver is entitled to bring this Rule 35(b) motion. Prior to amendment by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837, 1976, Rule 35(b) provided that any party, including a defendant, could file a motion to reduce a sentence so long as the motion was filed within 120 days of the imposition of the sentence. With the Crime Control Act and a subsequent amendment thereto, however, Congress rewrote Rule 35(b) to provide that only the Government may file a motion for correction of a defendant's sentence. Pub.L. No. 98–473, § 215, 98 Stat. 1837, 2014; Anti–Drug Abuse Act of 1987, Pub.L. No. 99–570, § 1009, 100 Stat. 3207, 3207–8. Thus, old Rule 35(b) provides a procedural means by which a defendant may move for reduction of his sentence, while new Rule 35(b) does not.

The effective date for the Crime Control Act, including new Rule 35(b), is November 1, 1987. Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 1837, 2031; Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728.

Congress specifically provided that both old Rule 35(b) and new Rule 35(b) are applicable to cases in which the defendant's offense took place prior to November 1, 1987. The Sentencing Act of 1987, Pub.L. No. 100–182, § 24, 101 Stat. 1266, 1271 provides that

> Notwithstanding § 235 of the Comprehensive Crime Control Act of 1984 [regarding effective date of the Act]—
> (2) Rule 35(b) of the Federal Rules of Criminal Procedure as amended by § 215(b) of such Act; and
> (3) Rule 35(b) as in effect before the taking effect of the initial set of guidelines promulgated by the United States Sentencing Commission pursuant to Chapter 58 of Title 28, United States Code,
> shall apply in the case of an offense committed before the taking effect of such guidelines.

The guidelines referred to in the above quoted provision are the new Federal Sentencing Guidelines, which became effective on November 1, 1987, the same day as the Crime Control Act. *See United States v. Smith*, 840 F.2d 886, 889 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988).

Weaver committed the offense for which he was convicted on April 24, 1987, several months prior to the effective date of the

Crime Control Act and Federal Sentencing Guidelines. Weaver is entitled, therefore, to move for a reduction of his sentences pursuant to old Rule 35(b).

Because the Crime Control Act does not bar Weaver's access to Rule 35(b) and does not otherwise apply to his offense, he lacks standing to challenge its constitutionality. *R.S. v. D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (party challenging criminal statute must allege sufficient nexus between party's injury and the allegedly illegal Government activity).

On the merits, a Rule 35 motion "is reversible on appeal only when the sentence is illegal or when the trial court's refusal to reduce the sentence constitutes a gross abuse of discretion." *United States v. Campbell*, 711 F.2d 159, 160 (11th Cir. 1983). As long as the sentence is within the statutory limits, and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion, the trial court's ruling will remain undisturbed. *United States v. Cumbie*, 569 F.2d 273, 274 (5th Cir.1978).

Title 18 U.S.C. § 1623 authorizes a district court to sentence a defendant convicted of perjury before a grand jury to up to five years imprisonment, and 18 U.S.C. § 152 authorizes the same sentence for bankruptcy fraud. Weaver's five-year sentence is within the authorized sentencing range.

Weaver stated that he expected to serve ten to twelve months of his five-year sentence, but in fact is scheduled to serve thirty-eight months. A defendant's mere expectation that he would serve less actual time prior to parole in no way binds the Court to reduce his sentence. *See United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (subsequent actions taken by the Parole Commissioner do not retroactively affect the validity of the final judgment). *Cf. United States v. Gonzalez–Mercado*, 808 F.2d 796 (11th Cir. 1987) (Defendant's mistaken impression that he would receive recommended sentence insufficient to invalidate guilty plea); *Smith v. United States*, 670 F.2d 145 (11th

Cir.1982) (District Court correctly denied defendant's motion to vacate sentence where defendant held mistaken belief that government's recommended sentence approved by trial judge).

With respect to Weaver's cooperation with the Government and his family circumstances, these matters are generally entrusted to the broad discretion of the sentencing judge. It does not appear that the district court abused this discretion in deciding that these grounds did not warrant a sentence reduction. *See United States v. Campbell*, 711 F.2d at 1600, (family hardship and lack of Government opposition insufficient to establish abuse of discretion in district court's denial of motion to reduce sentence).

AFFIRMED.