894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence W. DUNNING, Defendant-Appellant.
 No. 89-3266.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lawrence W. Dunning appeals the denial of his Fed.R.Crim.P. 35(b) motion to reduce his sentence. The district court sentenced Dunning to the maximum sentence permitted by law (three consecutive five-year sentences) for conspiracy and two mail fraud convictions. Upon consideration, we conclude that the district court was within its discretion in denying defendant's motion.
 
 
 3
 The decision to grant or deny a Rule 35 motion is within the sound discretion of the district court. United States v. Kadota, 757 F.2d 198, 199 (8th Cir.), cert. denied, 474 U.S. 839 (1985). We review the judgment only for gross abuse of discretion or any illegality in sentencing. See United States v. Lewis, 743 F.2d 1127, 1129 (5th Cir.1984) (per curiam); United States v. Campbell, 711 F.2d 159, 160 (11th Cir.1983) (per curiam).
 
 
 4
 First, defendant's claims that his sentence: (1) is disproportionate to those received by his codefendants, and (2) is cruel and unusual in violation of the eighth amendment, were not presented to the district court. Essentially, defendant's Rule 35 motion was simply a plea for mercy. The two new claims will not be considered in the first instance on appeal. See United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 5
 Further, defendant's claim that his sentence is unfair because the new sentencing guidelines call for a lesser sentence is unpersuasive. At the very least, we cannot conclude that the district court committed a gross abuse of discretion simply because the defendant might have received a lesser sentence under guidelines applicable to crimes committed after October 31, 1987.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.