940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VALENCIANO-SUAREZ, Defendant-Appellant.
 No. 90-2104.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Jose Valenciano-Suarez appeals the denial of his Fed.R.Civ.P. 60(b) motion to reconsider the denial of his motion for reduction of sentence filed under Fed.R.Crim.P. 35(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Valenciano-Suarez pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in the district court in October 1989 and was sentenced to 10 years imprisonment. Thereafter, Valenciano-Suarez filed a timely Fed.R.Crim.P. 35(b) motion for reduction of sentence by counsel. The district court denied the motion and counsel filed a motion for reconsideration or for an extension of time in which to appeal. The district court denied the motion to reconsider but granted defendant a 30 day extension of time in which to appeal. The district court also granted a motion by counsel to withdraw as defendant's attorney.
 
 
 3
 On appeal, defendant is proceeding pro se and contends that the district court granted him an extension of time in which to appeal the underlying conviction itself. The government moves to dismiss the appeal because defendant asserts only claims that were not asserted in the district court.
 
 
 4
 First, the government's motion to dismiss will be denied. Defendant's motion for reconsideration is construed as one filed under Fed.R.Civ.P. 60(b) because it was not served within 10 days of the entry of the district court's order. See Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). The denial of the Fed.R.Civ.P. 60(b) motion is appealable under an abuse of discretion standard, and the underlying order is not brought up for review. Peake, 717 F.2d at 1020. Here, the notice of appeal was filed within the 30 day extension of time in which to appeal granted defendant. However, the appeal cannot be construed as one from the conviction as no authority to grant an extension of time of more than 30 days to appeal exists. See Fed.R.App.P. 4(b).
 
 
 5
 Further, we conclude that the district court did not abuse its discretion in denying defendant's motion for reconsideration. Generally, the decision to grant or deny a Fed.R.Crim.P. 35 motion is within the sound discretion of the district court. United States v. Kadota, 757 F.2d 198, 199 (8th Cir.), cert. denied, 474 U.S. 839 (1985). Here, the claim asserted in the district court by defendant has not been raised before this court and has been abandoned on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Moreover, the claims asserted on appeal were not raised in the district court and cannot be considered in the first instance on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986).
 
 
 6
 Accordingly, the government's motion to dismiss is denied and the order of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.