77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter SANZO, Defendant-Appellant.
 No. 95-3635.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 1
 Before: MERRITT, Chief Judge, BOGGS, Circuit Judge, and O'MEARA District Judge.*
 
 ORDER
 
 2
 Peter Sanzo, a pro se federal prisoner, appeals a district court order denying his motion to correct an illegal sentence filed under Fed.R.Crim.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sanzo was convicted in December 1986 of being a felon in possession of a firearm. His two-year sentence for that offense was enhanced to 15 years upon the court's finding that Sanzo was a dangerous special offender (DSO) pursuant to 18 U.S.C. § 3575 (repealed eff. Nov. 1, 1987). The district court denied a motion to reconsider under Rule 35, and Sanzo's conviction and sentence were affirmed on appeal. United States v. Sanzo, 842 F.2d 333, 1988 WL 24949 (6th Cir.1988) (unpublished per curiam). Sanzo next filed a motion to vacate his sentence under 28 U.S.C. § 2255; this motion was also unsuccessful. Sanzo v. United States, 919 F.2d 141, 1990 WL 186795 (6th Cir.1990) (unpublished order). In both of those actions, Sanzo had argued, inter alia, that his 15-year sentence as a DSO was disproportionately severe.
 
 
 4
 In his present Rule 35 motion, as originally filed, Sanzo asserted that his sentence was constitutionally invalid and illegal because he committed his offense in 1980 and § 3575 did not become law until 1982. In an amended motion, Sanzo acknowledged that § 3575 became law in 1970, but argued that his sentence still violated the Ex Post Facto Clause because, prior to a 1982 amendment which established a 15-year minimum sentence, § 3575 provided for a sentence of 0-15 years. The district court denied Sanzo's motion in a marginal order filed on May 15, 1995.
 
 
 5
 On appeal, Sanzo continues to argue the merits of his ex post facto issue and seeks resentencing "within the District Courts [sic] intent of leniency stated at sentencing" and proportionate to the maximum sentence allowable under his offense of conviction. He also moves for the transcription of his sentencing proceeding.
 
 
 6
 Upon review, we affirm the district court's order because denial of Sanzo's motion was not an abuse of the district court's discretion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986); United States v. Kadota, 757 F.2d 198, 199 (8th Cir.), cert. denied, 474 U.S. 839 (1985). Because Sanzo's offense predated November 1, 1987, the "old" version of Rule 35(a) applies to this case. Under that version, "[t]he court may correct an illegal sentence at any time."
 
 
 7
 Initially, this is the third time that Sanzo has sought to challenge his sentence on proportionality grounds. That argument failed both on direct appeal and in his § 2255 proceeding. He may not raise it yet again.
 
 
 8
 Sanzo's ex post facto argument is equally meritless. Sanzo apparently believes that § 3575 was amended in 1982 to provide a 15-year minimum sentence. However, an examination of the code section itself reveals that it was not amended in 1982, or at any time after its 1970 enactment before it was repealed. Although the DSO statute under which Sanzo was sentenced clearly establishes a maximum penalty of 25 years upon a finding that the defendant is a DSO, 18 U.S.C. § 3575(b), it expressly provides that the section "shall not be construed as creating any mandatory minimum penalty." 18 U.S.C. § 3575(d).
 
 
 9
 Furthermore, a review of the transcripts of Sanzo's DSO hearing and sentencing proceeding and the district court's memorandum of opinion filed on May 11, 1987, contradict Sanzo's claims that the prosecution misled the district court into thinking that § 3575 carried a 15-year minimum term, and that the district court intended to impose a lenient sentence. While the felony firearm statute under which Sanzo was convicted had been amended since the date of his offense to provide for a 15-year minimum sentence for a defendant with three prior convictions for robbery or burglary, Sanzo was not sentenced under the amended felony firearm provision; he received only two years for that offense. Instead, his sentence was enhanced pursuant to the provisions of the DSO statute that was in effect at both the time he committed the offense and the time he was sentenced.
 
 
 10
 Finally, the district court did not err by not holding an evidentiary hearing on Sanzo's Rule 35 motion because the record plainly demonstrates that Sanzo is not entitled to relief. "Proceedings under Rule 35 do not require the presence of the defendant unless his testimony is material to the issue raised by his motion." United States v. Phillips, 403 F.2d 963, 964 (6th Cir.1968).
 
 
 11
 Accordingly, we deny the motion to transcribe Sanzo's sentencing proceeding as moot because that proceeding has already been transcribed. The district court's order, entered on May 15, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation