[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 6, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10217
Non-Argument Calendar

_____

D. C. Docket No. 03-00209-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alfonso Hernandez appeals the denial of his "Motion to Enforce Plea

Agreement; Motion for Sentence Reduction (Fed.R.Crim.P. 35(b))."[1]  In his motion, Hernandez argues that the government breached the plea agreement by failing to debrief him or otherwise provide him with an opportunity to cooperate.

According to the government, we should dismiss Hernandez's appeal because in the plea agreement he waived (1) any challenge to the government's decision not to file a substantial assistance motion, and (2) the right to challenge his sentence.  Although we have not specifically addressed whether a defendant may knowingly and voluntarily waive his right to challenge the government's decision not to debrief him in relation to the possible filing of a substantial assistance motion, we have upheld such waivers with regard to the government's refusal to file a substantial assistance motion.  *See United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997) (holding that the defendant waived his right to challenge the government's refusal to file a § 5K1.1 motion for a downward departure).

---

[1]Prior to its amendment, effective November 1, 1987, Rule 35 authorized district courts to hear motions for correction of a sentence filed by any party. *United States v. Weaver*, 884 F.2d 549, 550 (11th Cir. 1989).  The current version of Rule 35(b), however, permits the district court, "**[u]pon the government's motion** made within one year of sentencing . . .[to] reduce a sentence if . . . the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person[.]" Fed. R. Crim. P. 35(b)(1) (emphasis added).  Accordingly, the plain language of the rule as currently written does not permit defendants to move for reductions of their sentences. *Weaver*, 884 F.2d at 550. Consequently, to the extent that Hernandez's motion also was a Rule 35(b) motion to reduce his own sentence, the district court lacked jurisdiction to consider it.

Even if Hernandez's waiver does not encompass the government's decision not to debrief him, we nevertheless conclude that the district court did not err in denying Hernandez's motion to enforce the plea agreement. Whether the government has breached a plea agreement is a question of law that we review *de novo*. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998). The government violates a plea agreement when its conduct is inconsistent with the terms that reasonably were understood by the defendant when entering the plea of guilty. *United States v. Nelson*, 837 F.2d 1519, 1521-22 (11th Cir. 1988). When guilty pleas rest on promises that can be said to be a part of the inducement or consideration, such a promise must be fulfilled. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004).

Although Hernandez argues that the government breached the plea agreement by failing to interview him, the plea agreement in this case did not explicitly or implicitly obligate the government to give Hernandez the opportunity to provide substantial assistance. Since the government did not promise to debrief Hernandez, the government's failure to debrief him was not a breach of the plea agreement. Accordingly, we affirm the district court's denial of Hernandez's motion.

**AFFIRMED.**