[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 03-16364

_____

D. C. Docket No. 88-00045-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE POWELL GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 19, 2006)**

Before EDMONDSON, Chief Judge, BLACK and FAY, Circuit Judges.

PER CURIAM:

Eugene Powell Griffin appeals the district court's denial of his motion to correct his sentence under former Rule 35(a) of the Federal Rules of Criminal Procedure. The only issue with arguable merit is Griffin's contention that his sentence of life in prison under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), is illegal within the meaning of former Rule 35(a) because his predicate state burglary convictions were vacated after his federal sentence was imposed. We affirm.

In March of 1989, Griffin was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] Griffin committed his offenses in May of 1987, before the Sentencing Guidelines took effect. *United States v. Taylor*, 931 F.2d 842, 844 (11th Cir. 1991) (holding Sentencing Guidelines apply to offenses committed after November 1, 1987). At the time of sentencing, Griffin had four prior state convictions for violent felonies–three burglary convictions from 1958, 1965, and 1967, and one murder conviction from 1972–and therefore qualified for a sentence under the ACCA, 18 U.S.C. § 924(e)(1).[2] The district

---

[1] Griffin was also convicted of possession of cocaine with the intent to distribute, a violation of 21 U.S.C. § 841. The district court sentenced Griffin to 20 years' incarceration to run consecutively to the sentence imposed for Griffin's § 922(g) conviction.

[2] The version of § 924(e)(1) applicable to Griffin's offense read in pertinent part: "In the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, such person shall be . . . imprisoned not less than fifteen years . . . ."

court sentenced Griffin to life in prison, the maximum sentence allowed by § 924(e)(1). This Court affirmed Griffin's conviction and sentence in September of 1990.

On October 21, 1997, the Superior Court for Fulton County, Georgia, vacated Griffin's three prior burglary convictions under *Boykin v. Alabama*, 89 S. Ct. 1709 (1969), because the State failed to rebut Griffin's testimony that his guilty pleas, entered more than thirty years ago, were not knowingly and voluntarily made. Subsequently, Griffin, via a 28 U.S.C. § 2255 motion in the district court, argued he no longer had the requisite three predicate offenses and sought to reduce his federal life sentence to five-years' incarceration, the statutory maximum authorized under § 924(a)(1) for § 922(g) offenders who do not qualify for the ACCA enhanced sentence. The district court denied the § 2255 motion because it was successive, and this Court denied Griffin leave to file a successive motion.[3]

---

[3] Griffin filed a pro se § 2255 motion in January of 1992, at a time when a Rule 35(b) motion filed by Griffin's counsel was already pending. Docs. 1 & 4, Exh. Vol. 2. Griffin's pro se § 2255 motion asserted various grounds for relief unrelated to the issues in this appeal. The district court denied both motions in August of 1992. Doc. 5, Exh. Vol. 2. This Court affirmed without written opinion in March of 1995. Doc. 16, Exh. Vol. 2. In denying Griffin leave to file a second or successive motion, we left open the possibility Griffin's pro se § 2255 motion was denied in a manner that would not render his later § 2255 motion "second or successive." Doc. 36, Exh. Vol. 4. Because the issue has not been joined, we again express no opinion as to whether § 2255 is unavailable to Griffin.

In August of 2002, Griffin filed a motion to correct his sentence pursuant to former Rule 35(a), the version of the rule applicable to offenses committed prior to November 1, 1987. Under former Rule 35(a), a court "may correct an illegal sentence at any time." Griffin argued his life sentence under the ACCA is illegal because it is based on unconstitutionally obtained burglary convictions. The district court denied the motion because Griffin's burglary convictions were not vacated until after his federal sentencing. Griffin appeals.

Whether the district court "had the authority to resentence the defendant under former Fed. R. Crim. P. 35(a) . . . is a legal question subject to plenary review." *United States v. Sjeklocha*, 114 F.3d 1085, 1087 (11th Cir. 1997). "On the merits, a Rule 35 motion is reversible on appeal only when the sentence is illegal or when the trial court's refusal to reduce the sentence constitutes a gross abuse of discretion." *United States v. Weaver*, 884 F.2d 549, 551 (11th Cir. 1989) (quotations omitted).

Rule 35(a) "was a codification of existing law and was intended to remove any doubt . . . as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered." *Heflin v. United States*, 79 S. Ct. 451, 455 (1959) (Stewart, J. concurring). "Sentences subject to correction under [former Rule 35(a)] are those that the judgment of conviction did

4

not authorize." *United States v. Morgan*, 74 S. Ct. 247, 250 (1954). Illegal sentences for the purposes of Rule 35(a) include sentences in excess of the statutory maximum for the offense, sentences imposing multiple punishment for the same offense, and sentences containing terms that are legally or constitutionally invalid. *See, e.g., Hill v. United States*, 82 S. Ct. 468, 472 (1962).

We hold, as did the district court, that former Rule 35(a) is not available as a means for Griffin to challenge his sentence under the ACCA. It is undisputed that at the time of sentencing Griffin had at least three prior convictions for violent felonies. Griffin's offense of conviction, 18 U.S.C. § 922(g), therefore authorized the imposition of a life sentence under the ACCA. Griffin has pointed to no authority, and we have found none, suggesting that former Rule 35(a) may be used to attack a sentence that was legal when imposed. The proper vehicle to advance Griffin's argument for relief is a motion pursuant to 28 U.S.C. § 2255. *See United States v. Walker*, 198 F.3d 811, 813-14 (11th Cir. 1999) (holding a federal prisoner may use § 2255 to challenge, reopen and reduce a federal sentence enhanced under the ACCA after one or more of the three predicate state court convictions are later vacated in a state habeas action).

**AFFIRMED.**