[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13229
Non-Argument Calendar

_____

D.C. Docket No. 84-00499-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERTO LUIS RENE MARTINEZ,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 11, 2008)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Roberto Luis Rene Martinez, a federal prisoner proceeding pro se, appeals

the denial of his motion to reduce or amend his sentence, filed under former

Federal Rule of Criminal Procedure 35. For the following reasons, we affirm.

## I.

Martinez was originally convicted in 1987 of engaging in a continuing criminal enterprise ("Count 3"), conspiracy to import methaqualone ("Count 4"), and traveling or causing others to travel in foreign commerce with the intent to carry on a business enterprise involving controlled substances ("Count 5"), in violation of 21 U.S.C. §§ 848, 952(a) and the Travel Act, 18 U.S.C. § 1952, respectively. The district court sentenced him, under pre-guidelines law, to 35 years of imprisonment on Count 3, consecutive to a previous unexpired attempted murder conviction, and 5 years of imprisonment on Count 5, consecutive to his conviction on Count 3. Count 4 was subsumed into Count 3 for purposes of sentencing. We affirmed his convictions and sentences on direct appeal in 1988.

In 1990, Martinez moved for relief under the former version of Rule 35 in effect prior to November 1, 1987. Although he initially sought a discretionary reduction of his sentence, he amended his motion in 1997 to include a double jeopardy challenge. The district court denied the motion in 2001 as untimely and, alternatively, on the merits. On appeal, we found the motion was timely and remanded with instructions to rule on the merits and, in addition, to vacate Count 4 because it was a lesser included offense of Count 3. Nevertheless, we noted that a

new sentencing was not required because Martinez had not been sentenced on Count 4.

Between 2001 and 2006, the matter remained pending. Ultimately, the district court vacated Count 4 in 2006 and, in 2007 after a hearing where Martinez appeared pro se, denied his Rule 35(b) motion for a discretionary reduction of his sentence. Following this ruling, Martinez sought appointment of counsel without success, and he then appealed.

## II.

Martinez now: (i) challenges the lower court's refusal to appoint counsel to represent him during his Rule 35 hearing,[1] and (ii) argues for the first time that double jeopardy barred him from being sentenced for a violation of the Travel Act, 18 U.S.C. § 1952, in addition to being sentenced for a continuing criminal enterprise, 21 U.S.C. § 848. In addition, we liberally construe his pro se brief as suggesting that he was entitled to a discretionary reduction of his sentence.

## A.

We normally review a district court's decision not to appoint counsel for an abuse of discretion. United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004).

---

[1] We review our subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Because we construe Martinez's claim as asserting that the district court committed plain error by refusing to appoint counsel for him at the Rule 35 hearing, the district court's refusal to do so is encompassed in the scope of review as designated by the notice of appeal.

3

Where, however, an argument is not raised before a district court, review is limited to plain error, which requires an error that is plain and that affect substantial rights. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). In any event, we liberally construe a pro se litigant's claim. Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997).

Defendants have a Sixth Amendment right to counsel at trial and on direct appeal, but they do not have a corresponding right to counsel when collaterally attacking their convictions. Hill v. Jones, 81 F.3d 1015, 1024 (11th Cir. 1996). We have held that there is no federal constitutional right to counsel in post-conviction proceedings. Barbour v. Haley, 471 F.3d 1222, 12278 (11th Cir. 2006), cert. denied, 127 S. Ct. 2996 (2007). Similarly, we have concluded that a Rule 35 challenge is not a critical stage of the proceeding. United States v. Jackson, 923 F.2d 1494, 1496–97 (11th Cir. 1991).

The district court did not abuse its discretion or err—plainly or otherwise—when it refused to appoint counsel for Martinez. Because the Rule 35 motion was a post-conviction motion, he was not entitled to counsel. Thus, the decision not to appoint counsel was not error.

B.

We normally review de novo any possible violation of the Double Jeopardy

4

Clause.  United States v. Thurston, 362 F.3d 1319, 1322 (11th Cir. 2004).

Similarly, we will reverse a district court's ruling on a former Rule 35 motion if we

conclude that a preserved error shows that the sentence is illegal.  United States v.

Weaver, 884 F.2d 549, 551 (11th Cir. 1989).  If an error or particular argument is

not preserved below, however, appellate review is limited to plain error.[2]

A petitioner whose offense was committed prior to November 1, 1987, could

seek a reduction under former Rule 35(b).  Fernandez v. United States, 941 F.2d

1488, 1492 (11th Cir. 1991).  Former Rule 35(a) allowed a court to correct an

illegal sentence and Rule 35(b) allowed a defendant to seek a reduction of his

sentence by filing a motion with the district court.  Fed. R. Crim. P. 35(a) and (b)

(pre-1987 amendment).

The Double Jeopardy Clause provides that no person shall "be subject for

the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend.

V.  If the same conduct violates two statutory provisions, courts first must

determine whether the legislature intended that each violation constitute a separate

offense.  Garrett v. United States, 471 U.S. 773, 778 (1985).  When there is no

---

[2] Similarly, an appellant normally must raise all errors in his first appeal of a judgment and sentence, and can lose his right to raise issues on a second appeal if he did not raise them earlier.  United States v. Fiallo-Jacome, 874 F.2d 1479, 1481–82 (11th Cir. 1989).  In the instant case, because the district court originally dismissed Martinez's Rule 35 motion as untimely, in part, we conclude that Martinez may not have known that he could raise his present double jeopardy argument at that point.  Accordingly, we will assume arguendo that he is not procedurally barred from raising the claim on the present appeal.

5

clear indication of legislative intent, we must determine whether "each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Supreme Court has clarified that the Blockburger test inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. United States v. Dixon, 509 U.S. 688, 696 (1993).

A continuing criminal enterprise exists when a person violates federal narcotics law and such acts are "undertaken by such persons in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and from which such person obtains substantial income or resources." 21 U.S.C. § 848(c); see also United States v. Boldin, 818 F.2d 771, 774 (11th Cir. 1987).

A violation of the Travel Act occurs when a person travels in interstate or foreign commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity and performs or attempts to perform such activity. 18 U.S.C. § 1952(a). An unlawful activity includes any business enterprise involving narcotics or controlled substances. 18 U.S.C. § 1952(b). A conviction under the

Travel Act requires the jury to find that the defendant traveled in interstate or foreign commerce with the intent to promote unlawful activity and must be based on proof of guilty knowledge during specific travels. United States v. Garcia, 78 F.3d 1517, 1522 (11th Cir. 1996).

A violation of the Travel Act and engaging in a continuing criminal enterprise require different elements, and Martinez's Travel Act violation was not, as he asserts, a predicate offense of the continuing criminal enterprise violation.[3] Accordingly, his conviction and sentence on both did not violate the Double Jeopardy Clause.

C.

We will also reverse the denial of a Rule 35 motion when the district court's refusal to reduce the sentence constitutes a gross abuse of discretion. Weaver, 884 F.2d at 551.

To the extent Martinez argues that the district court should have granted discretionary relief in making his remaining two sentences concurrent, he has failed to demonstrate that the district court abused its discretion in refusing to do so because the district court properly applied double jeopardy law, did not violate procedural norms, and did not make clearly erroneous findings of facts. The

---

[3] The predicate offenses included only violations of Title 21 of the United States Code.

7

offenses here were also serious, and the sentences were within applicable statutory limits.  Accordingly, we affirm the district court.

**AFFIRMED**.