[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2010
JOHN LEY
CLERK

No. 09-14889
Non-Argument Calendar

_____

D. C. Docket No. 88-00045-CR-JOF-1

EUGENE POWELL GRIFFIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 13, 2010)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Eugene Powell Griffin, a federal prisoner, appeals pro se the district court's denial of his motion to correct an illegal sentence. After review, we affirm.

## I. BACKGROUND FACTS

### A. Griffin's Convictions and Sentences

In November 1988, Griffin was indicted for possessing a firearm after having three or more convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count 1"), and possessing with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841 ("Count 2"). The indictment alleged that (1) Griffin possessed the firearm and cocaine on May 19, 1987, and (2) Griffin was convicted of burglary in 1958, 1962 and 1965 and was convicted of murder in 1971.

In March 1989, a jury convicted Griffin on both counts. In May 1989, the district court imposed a life sentence on the firearm conviction in Count 1 and a consecutive twenty-year sentence on the drug conviction in Count 2. On direct appeal, this Court affirmed Griffin's convictions and sentences. See United States v. Griffin, No. 89-8453 (11th Cir. Aug. 23, 1990) (unpublished).

### B. 2002 Motion to Correct Illegal Sentence

In August 2002, Griffin filed a motion to correct an illegal sentence. Griffin's motion was brought under former Federal Rule of Criminal Procedure

35(a).[1]  Griffin's motion argued: (1) that his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was invalid because the burglary convictions used to enhance his sentence were vacated by a state court; and (2) that he was improperly sentenced under the Sentencing Guidelines, which became effective on November 1, 1987, for offenses committed in May 1987.  The district court denied Griffin's former Rule 35(a) motion.

On appeal, this Court affirmed.  United States v. Griffin, 162 F. App'x 935 (11th Cir. 2006) ("Griffin I").  The Court noted that "[a]t the time of sentencing, Griffin had four prior state convictions for violent felonies–three burglary convictions from 1958, 1965, and 1967, and one murder conviction from 1972– and therefore qualified for a sentence under the ACCA" and the sentencing court had "sentenced Griffin to life in prison, the maximum sentence allowed by § 924(e)(1)."  Id. at 936.  The Court agreed with the district court that "former Rule

---

[1]Because Griffin committed his firearm and drug offenses before November 1, 1987, his case is governed by former Rule 35(a), which permits the district court to correct "an illegal sentence" at any time.  See United States v. Jackson, 923 F.2d 1494, 1496 n.1 (11th Cir. 1991). The current version of Rule 35(a) permits a district court to correct only "arithmetical, technical, or other clear error" in a sentence and only within fourteen days after sentencing.  Fed. R. Crim. P. 35(a) & advisory committee's note to 1991 amendments (explaining that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court"); see also United States v. Lett, 483 F.3d 782, 788 (11th Cir. 2007) (explaining that Rule 35(a)'s "narrow corrective power [is] limited in scope to those obvious errors that result in an illegal sentence or that are sufficiently clear that they would, as the committee notes specify, almost certainly result in a remand of the case to the trial court for further action" (quotation marks omitted)).

35(a) is not available as a means for Griffin to challenge his sentence under the ACCA" because it was legal when it was imposed and that "[t]he proper vehicle to advance Griffin's argument for relief is a motion pursuant to 28 U.S.C. § 2255." Id. at 937.

**C.     Current Motion to Correct Illegal Sentence**

In July 2009, Griffin pro se filed this motion under former Rule 35(a). This time, Griffin argued: (1) that he was sentenced to life imprisonment on the firearm conviction in Count 1 under the Comprehensive Crime Control Act, 18 U.S.C. § 924(c)(3), which took effect in November 1987, after he committed his offenses in May 1987; and (2) that, at the time he committed his offenses, the maximum penalty for a violation of § 924(c) was five years' imprisonment, making his life sentence illegal.

The district court denied Griffin's 2009 motion, which Griffin brought under former Rule 35(a). The district court found that Griffin was sentenced under 18 U.S.C. § 924(e), not § 924(c). Citing our decision in Griffin I, the district court found that this Court had "already determined as a matter of final judgment" that Griffin's sentence under § 924(e)(1) was not error and that it could not "revisit that sentencing decision." Griffin appealed.

## II. DISCUSSION

4

A sentence is illegal within the meaning of former Rule 35(a) if: (1) it is in excess of the statutory maximum; (2) it imposes multiple terms of imprisonment for the same offense; or (3) "the terms of the sentence itself [are] legally or constitutional invalid in any other respect." See Hill v. United States, 368 U.S. 424, 430, 82 S. Ct. 468, 472 (1962).[2] If former Rule 35(a) applies to the defendant's case, then former Rule 35(a) may be used to correct a sentence that violates the Ex Post Facto Clause. See United States v. Lightsey, 886 F.2d 304, 305 (11th Cir. 1989).[3]

On appeal, Griffin argues that his life sentence is illegal because it: (1) was imposed pursuant to 18 U.S.C. § 924(c)(3), which he contends went into effect in November 1987, after he committed his offenses in May 1987, thus violating the Ex Post Facto Clause;[4] and (2) exceeds the then-authorized maximum five-year

---

[2]As noted in footnote 1, supra, the current version of Rule 35(a) is quite different.

[3]In reviewing a district court's ruling on a motion brought under former Rule 35(a), we review factual findings for clear error, and the application of the facts to the law de novo. United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997).

[4]Contrary to Griffin's contention, the Comprehensive Crime Control Act ("CCCA") was passed and went into effect in 1984, not 1987. See Pub. L. No. 98-473, Title II, 98 Stat. 2028, 2138 (1984). Furthermore, the CCCA did not amend § 924(c)(3) to impose a sentence of life without parole if a § 922(g) defendant had three prior violent felony convictions. Rather, the CCCA added then-section 924(c), which provided a mandatory minimum five-year sentence if a defendant used or carried a firearm during and in relation to the commission of a crime of violence, and a mandatory minimum ten-year sentence if it was the defendant's second or subsequent § 924(c) conviction. See id. § 1005(a). The "three-strikes" provision to which Griffin appears to be referring was enacted in 1994 as part of the Violent Crime Control and Law Enforcement Act and is codified at 18 U.S.C. § 3559(c)(1). See Pub. L. No., 103-322, Title VII,

5

penalty. Griffin's arguments are foreclosed by the law-of-the-case doctrine.

Under the law-of-the-case doctrine, an appellate decision binds all subsequent proceedings in the same case unless one of the following exceptions apply: (1) substantially different evidence is presented in a subsequent trial; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision is clearly erroneous and would result in manifest injustice if implemented. United States v. Stinson, 92 F.3d 466, 469 (11th Cir. 1996).

In Griffin I, a prior panel of this Court concluded that Griffin's life sentence was imposed pursuant to the ACCA, 18 U.S.C. § 924(e)(1). We are bound by that decision unless Griffin shows that one of the three exceptions applies, which he has not. The first exception is inapplicable given that no trial was held after the Griffin I decision. As for the second exception, Griffin has not identified any subsequent controlling authority that contradicts Griffin I. The third exception also is not satisfied. Griffin has not shown Griffin I is clearly erroneous, much less that Griffin I results in manifest injustice.

Griffin points to his judgment of conviction, which states that Griffin was found guilty of violating § 922(g) and "924(3) as charged in count one of the

---

§ 70001(2), 108 Stat. 1982 (1994).

indictment." (Emphasis added.) Despite this typographical error in the judgment,[5] the record clearly establishes that Griffin was in fact convicted and sentenced under § 924(e), not § 924(c)(3). The indictment charged Griffin with violating § 924(e), and the jury convicted Griffin under that statute. At sentencing, the parties acknowledged that Griffin was being sentenced as an armed career criminal under the ACCA. Indeed, Griffin's first former Rule 35(a) motion acknowledged that his life sentence was imposed pursuant to the ACCA and § 924(e).

Because no exception to the law-of-the-case doctrine applies, we are bound by Griffin I's conclusion that Griffin's life sentence was imposed pursuant to the ACCA and § 924(e). And, given that Griffin was sentenced under the version of § 924(e) in effect at the time he committed his offenses, he has no Ex Post Facto Clause problem. Furthermore, his life sentence does not exceed § 924(e)'s statutory maximum of life imprisonment. See 18 U.S.C. § 924(e) (1987) (authorizing an imprisonment term of "not less than fifteen years"); United States v. Simmons, 924 F.2d 187, 192-93 (11th Cir. 1991) (affirming a fifty-year sentence under § 924(e) and noting that, because § 924(e) does not specify a maximum

---

[5]On June 12, 1989, when Griffin's judgment of conviction was signed, there was no § 924(3). See 18 U.S.C. § 924 (1989). Subsection (e), under which Griffin actually was charged, convicted and sentenced, was added to § 924 in 1986, a year before Griffin committed his § 924(e) offense and three years before his judgment of conviction was entered. See Pub. L. No. 99-308, § 104(a)(4), 100 Stat. 456 (1986) (adding subsection (e)); Pub. L. No. 99-570, Title I, § 1402, 100 Stat. 3207-39 (1986) (adding subsection (e)(1) and (e)(2)(A)).

7

sentence, life imprisonment is the putative statutory maximum). Accordingly, Griffin's life sentence for his firearm offense under 18 U.S.C. §§ 922(g) and 924(e) in Count 1 is not illegal within the meaning of former Rule 35(a).

For these reasons, the district court properly denied Griffin's former Rule 35(a) motion.

**AFFIRMED.**