[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11697
Non-Argument Calendar
_____

D.C. Docket 1:88-cr-00045-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE POWELL GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 28, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Eugene Griffin appeals the district court's denial of his motions to correct an

illegal sentence and for release from custody, which were filed pursuant to the

former version of Rule 35(a).  After a review of the record and the parties' briefs, we affirm.[1]

According to Mr. Griffin, his sentence of life imprisonment without the possibility of parole for a violation of 18 U.S.C. §§ 922(g) and 924(e) is illegal because his possession of a firearm occurred in May of 1987, and at that time the maximum sentence for his § 922(g) offense was five years.  *See* Appellant's Br. At 4-9.  As Mr. Griffin sees it, he could not have been sentenced under the enhanced penalties set forth in § 924(e) because that provision became effective on November 1, 1987, months after his § 922(g) violation.

The former version of Rule 35(a) applies to Mr. Griffin because his § 922(g) offense took place before November 1, 1987.  *See United States v. Jackson*, 923 F.2d 1494, 1496 n.1 (11th Cir. 1991).  It provides in relevant part that a "court may correct an illegal sentence at any time[.]"  Under the former version of Rule 35(a), an illegal sentence includes a sentence in excess of the statutory maximum, as well as a sentence that is constitutionally invalid.  *See Hill v. United States*, 368 U.S. 424, 430 (1962).

The superseding indictment charged Mr. Griffin in Count I with a violation of §§ 922(g) and 924(e), and the record shows that the jury found him guilty of that

---

[1] The denial of a Rule 35(a) motion "is reversible only when the sentence is illegal or when the trial court's refusal to reduce the sentence constitutes a gross abuse of discretion." *United States v. Weaver* 884 F.2d 549, 551 (11th Cir. 1989).

charge.  *See United States v. Griffin*, 162 Fed. App'x 935, 936 (11th Cir. 2006) (explaining that Mr. Griffin was convicted of violating § 922(g) and was sentenced pursuant to § 924(e)).  So the question is whether § 924(e), as it existed on May 19, 1987 – the date of the § 922(g) offense – permitted the district court to sentence Mr. Griffin to life imprisonment without the possibility of parole on Count I.

The answer to that question is yes.  On May 19, 1986, Congress passed the Firearm Owners' Protection Act, Pub. L. 99-308, 100 Stat. 449.  One of the provisions of the Act, § 104, added a new subsection (e) to § 924 of Title 18:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and . . . such person shall not be eligible for parole with respect to the sentence imposed under this section.

This amendment to § 924 became effective 180 days after enactment, or on November 19, 1986.  *See id.* at § 110(a); *United States v. Jackson*, 835 F.2d 1195, 1996 (7th Cir. 1988); *United States v. Jackson*, 824 F.2d 21, 22 n.2 (D.C. Cir. 1987).

As we said in a prior appeal by Mr. Griffin, it "is undisputed that at the time of sentencing [Mr.] Griffin had at least three prior convictions for violent felonies." *Griffin*, 162 Fed. App'x at 937.  Thus, § 924(e), as it existed at the time of Mr. Griffin's § 922(g) violation, authorized the district court to impose a sentence of life imprisonment without the possibility of parole.  Because the sentence imposed

3

was not in excess of the statutory maximum, and was not constitutionally invalid, the district court correctly denied Mr. Griffin's Rule 35(a) motion.[2]

**AFFIRMED.**

---

[2] Given our resolution of Mr. Griffin's Rule 35(a) claim on the merits, we need not address the government's argument that the claim is barred by the law of the case doctrine.